**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARCH INSURANCE COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:09-CV-2917-RWS |
| DOUGLAS ASPHALT CO., *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## **ORDER**

This case is before the Court for consideration of the Motion to Dismiss Continuing Garnishment [15] filed by Garnishee, Markel Insurance Company. After reviewing the submissions of the parties, the Court enters the following Order.

On July 2, 2009, Plaintiff obtained a judgment against Douglas Asphalt Company ("Douglas"), Joel Spivey, and Kyle Spivey (collectively the "Judgment Debtors") in the total amount of $8,892,128.15 plus an award of an additional $40,000,000.00 in collateral in the United States District Court for the Southern District of Georgia. At the time of that judgment, the Judgment Debtors had a suit pending in the United States District Court for the Southern

District of Georgia against a number of parties, including Applied Technical Services, Inc. ("ATS"), seeking damages for improper defaults declared against Douglas as a result of allegedly unreliable hydrated lime tests ("ATS Action"). ATS was an insured of Markel and another insurance company, Association Casualty Insurance Company ("Association Casualty").

In its efforts to enforce its judgment against Judgment Debtors, Plaintiff filed garnishment actions against ATS, Markel, and Association Casualty. The garnishment lien attached to any recovery that might be had as a result of any judgment issued in the ATS action.

On October 2, 2009, the Judgment Debtors obtained a judgment in the amount of $150,000,000.00 against ATS in the ATS action. Prior to the award of the judgment in the ATS action, Markel and ATS reached an agreement with Judgment Debtors whereby ATS and Markel each agreed to pay Judgment Debtors $1,000,000.00 for a total of $2,000,000.00 (the "settlement funds"), regardless of the outcome of the trial. The settlement provided that the settlement funds would be deposited into a court of record.

On December 2, 2009, Zurich American Insurance Company, Lumbermens Mutual Casualty Company, Suwanee American Cement, LLC, and Plaintiff filed an Involuntary Petition for Bankruptcy against Douglas in the

2

United States Bankruptcy Court for the Southern District of Georgia. Once Douglas had responded to the Involuntary Petition and the case was converted to a Chapter 11 proceeding, ATS and Markel moved to be allowed to deposit the settlement funds into the registry of the Bankruptcy Court. On January 14, 2010, the Bankruptcy Court entered an order allowing ATS and Market to deposit the $2,000,000.00 in settlement funds into the registry of the court, which funds were immediately deposited pursuant to the Order.

On January 27, 2010, Markel notified this Court that it had deposited $1,000,000.00 into the registry of the United States Bankruptcy Court. On April 20, 2010, Plaintiff and other judgment creditors of Joel Spivey filed an Involuntary Petition for Bankruptcy against Joel Spivey.

In the present Motion, Markel seeks to dismiss the garnishment action because it has fulfilled the payment obligations consented to by Plaintiff and Douglas. However, Plaintiff asserts that this matter is stayed as to Douglas and Joel Spivey because of the pending bankruptcy proceedings. Thus, the Motion to Dismiss can be considered only as to Kyle Spivey. Plaintiff also asserts that entitlement to the funds deposited in the Bankruptcy Court has not yet been determined. Therefore, the garnishment should not be dismissed. The

3

AO 72A
(Rev.8/82)

Judgment Defendants filed a response to the Motion in which they stated no objection to the dismissal of the garnishment.

In its Reply, Markel asserts that Douglas and the Spivey Defendants are not necessary parties to the garnishment. Therefore, the bankruptcy stay should not apply to this matter. In an abundance of caution, Markel has filed a Motion to Lift the Stay in the Douglas and Joel Spivey bankruptcy proceedings.

In light of the pending bankruptcy proceedings, the Court finds that it would be improper to dismiss the garnishment at this time. Therefore, the Motion to Dismiss [15] is hereby **DENIED**.

**SO ORDERED**, this  6th   day of July, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE