**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARCH INSURANCE COMPANY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-2917-RWS |
| DOUGLAS ASPHALT : | |
| COMPANY., *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

This case comes before the Court on Fidelity and Deposit Company of Maryland and Zurich American Insurance Company's (collectively "F&D") Motion to Intervene [25]. After considering the record, the Court enters the following Order.

The background for this garnishment action was set forth in this Court's July 6, 2010 Order [22] and will not be repeated here. F&D and Plaintiff Arch Insurance Company ("Arch") are unrelated sureties that each issued payment and performance bonds on behalf of one of the Defendants in this case. Like Arch, F&D has obtained judgments against Douglas Asphalt Company

("Douglas") and Joel Spivey.[1]  F&D asserts that it has a claim to the property that is the subject of this garnishment action and that it's claim is superior to that of Arch.  The Court need not determine which party possesses a superior claim in order to determine whether F&D may intervene at this time.

> Federal Rule of Civil Procedure 24(a)(2) states:
>
> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Georgia Code speaks specifically to intervention in garnishment actions, stating:

> At any time before judgment is entered on the garnishee's answer or money or other property subject to garnishment is distributed, any person may file a claim in writing under oath stating that he has a claim superior to that of the plaintiff to the money or other property in the hands of the garnishee subject to the process of garnishment; and the claimant shall be a party to all further proceedings upon the garnishment.

O.C.G.A. § 18-4-95.  F&D has filed a claim under oath stating that it's claim to the property that is the subject of this action is superior to that of Arch.  (Dkt. [25-3]).  The Court also finds that the existing parties do not adequately protect

---

[1] Unlike Arch, F&D does not have a judgment against Kyle Spivey.

2

F&D's claimed interest in the property at issue and that disposing of this action may impede F&D's ability to protect that interest.

Therefore, F&D's Motion to Intervene [25] is **GRANTED**. Arch did not challenge F&D's Motion to Intervene for failure to file an accompanying pleading that sets out the claim for which intervention is sought as required by Federal Rule of Civil Procedure 24(c). F&D shall file its complaint in intervention within fourteen (14) days of the date of this Order.

**SO ORDERED**, this  3rd  day of January, 2011.

_____
**RICHARD W. STORY**
United States District Judge